UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-01032-JWH-KKx | Date | March 21, 2022 |
|---|---|---|---|
| Title | *Jackson Nat'l Life Ins. Co. v. Alton Johnson, Sr., et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. 49] (IN CHAMBERS)**

Before the Court is the unopposed motion of Plaintiff-in-Interpleader Jackson National Life Insurance Company ("JNLIC") for default judgment against Defendants-in-Interpleader Alton Johnson, Sr. and Lois Ball.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support,[2] and in the absence of any opposition, the Court orders that the Motion is **GRANTED**, as set forth herein.

##    I.    BACKGROUND

Otis Duren owned a Jackson National Life Insurance Company annuity, policy number 1001937274 (the "Annuity").[3]  Otis Duren ("Decedent") passed away in January 2021.[4]  Decedent initially listed Johnson, Ball, and Defendant-in-

---

[1]    Pl.'s Mot. for Default J. (the "Motion") [ECF No. 49].

[2]    The Court considered:  (1) Compl.-in-Interpleader (the "Complaint-in-Interpleader") [ECF No. 1]; and (2) the Motion (including its attachments).

[3]    Motion 2:3-4.

[4]    *Id.* at 2:4-5.

Interpleader Artis Duren as co-beneficiaries.[5] In 2019, however, Decedent allegedly changed his beneficiary information to make Defendant-in-Interpleader Brook Baker the sole beneficiary.[6] Johnson, Ball, and Duren believe Decedent's change in beneficiary to be fraudulent and invalid.[7]

JNLIC filed its Complaint-in-Interpleader commencing this action in June 2021. JNLIC asks the Court to determine which party or parties are the rightful beneficiaries of the Annuity.[8] Since JNLIC filed its Complaint-in-Interpleader, neither Johnson nor Ball has answered nor expressed a desire to participate in the instant litigation.[9] JNLIC now moves for default judgment against Johnson and Ball.

## II.   LEGAL STANDARD

A court may enter default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(b). This Court's Local Rules require a plaintiff's application for default judgment to be accompanied by a declaration that conforms to the requirements of Rule 55(b) and that sets forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55-1.

The decision to enter default judgment is left to the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). In *Eitel v.*

---

[5]   *Id.* at 2:5-7.

[6]   *Id.* at 2:7-8.

[7]   *Id.* at 2:8-9.

[8]   Decl. of Chad Weaver in Supp. of the Motion (the "Weaver Declaration") [ECF No. 49-2] ¶ 2.

[9]   *Id.* at ¶¶ 5-7.

*McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong possibility underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*, 782 F.2d at 1471-72.  Upon the entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven.  *See TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  A plaintiff is required to provide evidence of its damages, and a court may order a full evidentiary hearing or may rely on only the declarations submitted by the plaintiff.  Fed. R. Civ. P. 55(b)(2).  Further, the damages that the plaintiff seeks in the default judgment must not "differ in kind from, or exceed in amount, what is demanded in the pleadings."
Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

The Court finds that default judgment is appropriate here.  The Motion satisfies the procedural requirements of Rule 55(b) and L.R. 55-1.  The Weaver Declaration sets forth:  (1) when the Clerk entered default against Ball and Johnson;[10] (2) that the entry of the default was with respect to the Complaint-in-Interpleader;[11] (3) that Johnson and Ball are neither minors nor incompetent persons;[12] and (4) that the Servicemembers Relief Act does not apply.[13]  Because neither Johnson nor Ball has appeared in this action, JNLIC was not required to serve them with notice of this Motion.  *See* Fed. R. Civ. P. 55(b)(2).

The *Eitel* factors also weigh in favor of default judgment.  First, JNLIC "would be prejudiced if default judgment is not entered because it would be denied

---

[10]   *Id.* at ¶¶ 5 & 6.

[11]   *Id.*

[12]   *Id.* at ¶¶ 10 & 11.

[13]   *Id.*

the benefits of the interpleader device, *i.e.*, 'protect[ing] stakeholders from multiple liability as well as from the expense of multiple litigation.'" *Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016) (quoting *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000)).

With respect to the second as third *Eitel* factors, "Interpleader is appropriate if the stakeholder-plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims. This danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice." *Transamerica Life Ins. Co. v. Shubin*, 2012 WL 2839704, at *5 (E.D. Cal. July 10, 2012), *report and recommendation adopted*, 2012 WL 3236578 (E.D. Cal. Aug. 6, 2012) (quotations and alterations omitted). Here, JNLIC "acknowledges its obligation to pay the" Annuity and "alleges that [defendants-in-interpleader] have made competing claims to" the Annuity.[14] *Durbin*, WL 3583826, at *4. Accordingly, JNLIC has stated a claim and satisfied the second and third *Eitel* factors. *See id.*

The fourth *Eitel* factor—the amount of money at stake—"is neutral in an interpleader action since [JNLIC], as a plaintiff-in-interpleader, is not seeking damages. *Id.* (citing *Farmers New World Life Ins. Co. v. Adams*, 2014 WL 4715521, *4 (D. Mont. 2014)).

The fifth *Eitel* factor also weighs in favor of default judgment. JNLIC avers that "all named Defendants-in-Interpleader have actual or potential claims to, at the least, a portion of the Annuity."[15] When a defendant-in-interpleader fails to answer a complaint-in-interpleader, "there is nothing to suggest that there is a possibility of a dispute concerning material facts." *W. Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *3 (N.D. Cal. June 6, 2011), *report and recommendation adopted*, 2011 WL 2609860 (N.D. Cal. July 1, 2011); *see also Durbin*, WL 3583826, at *4.

With respect to the sixth *Eitel* factor, there is no evidence that the default was due to excusable neglect. Johnson and Ball were both served with the Complaint-in-Interpleader.[16] Moreover, JNLIC's counsel sent Johnson and Ball

---

[14]    Motion 2:10-12.

[15]    *Id.* at 5:5-6.

[16]    Weaver Declaration ¶¶ 3 & 4.

letters that explained: (1) that the deadline to answer or otherwise respond had passed; (2) that a failure to respond could lead to default judgment; and (3) the consequences of default judgment.[17]

Finally, while "[c]ases should be decided upon their merits whenever reasonably possible[,]" *Eitel*, 782 F.2d 1470 at 1472, that preference "is not dispositive." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Here, because Johnson and Ball have "failed to answer [JNLIC's Complaint-in-Interpleader] . . . a decision on the merits [is] impractical, if not impossible." *Id.* "Accordingly, the court is not precluded from entering default judgment against [Johnson and Ball]." *Id.*

"After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment." *Am. Gen. Life & Accident Ins. Co. v. Vincent Bros.*, 2005 WL 8176705, at *2 (E.D. Cal. Dec. 21, 2005). Here, the Court agrees with JNLIC that its requests for both default judgment and a permanent injunction are warranted. In an interpleader action, a district court may restrain defendants-in-interpleader "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. Such an action is appropriate after the granting of default judgment. *See Am. Gen. Life Ins. Co. v. Radulovic*, 2016 WL 4943012, at *1 (N.D. Cal. Sept. 16, 2016).

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Motion is **GRANTED**. Judgment shall issue accordingly.

2. Johnson and Ball are permanently **ENJOINED** from instituting any action or proceeding against JNLIC, or its agents, affiliates, parents, subsidiaries, attorneys, or assigns, with respect to the JNLIC Annuity with policy number 1001937274 or the related distribution of the Annuity funds.

**IT IS SO ORDERED.**

---

[17] *Id.* at ¶ 7.